## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## WAYCROSS DIVISION

ABNER MARTINEZ RINCON,

        Petitioner,

    v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

        Respondents.

CIVIL ACTION NO.: 5:23-cv-88

## REPORT AND RECOMMENDATION

Petitioner Abner Rincon ("Rincon"), who is housed at the Folkston Immigration and

Customs Enforcement ("ICE") Processing Center in Folkston, Georgia, filed a 28 U.S.C. § 2241

Petition for Writ of Habeas Corpus.  Doc. 1.  As explained below in further detail, I

**RECOMMEND** the Court **DISMISS** Rincon's Petition, **DIRECT** the Clerk of Court to

**CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Rincon *in forma*

*pauperis* status on appeal.[1]

---

[1]     A "district court can only dismiss an action on its own motion as long as the procedure employed is fair . . . .  To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."  Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted).  A magistrate judge's Report and Recommendation provides such notice and opportunity to respond.  See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting report and recommendation served as notice claims would be sua sponte dismissed).  This Report and Recommendation constitutes fair notice to Rincon his suit is due to be dismissed.  As indicated below, Rincon will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

## BACKGROUND

Rincon is being detained at the ICE Processing Facility after being taken into ICE's custody in 2021.  Doc. 1 at 1, 4.  In his Petition, Rincon states he is not challenging his conviction or sentence but the "unlawful way" his property is being held without his consent.  Id. at 4, 5–7.  Rincon asks for his property to be returned to him "post haste."  Id. at 7.

## DISCUSSION

### I.      Rincon Cannot Proceed Under § 2241

Although Rincon brought this action under 28 U.S.C. § 2241, the claim he asserts cannot be brought under that statute.  Rather, habeas actions explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by a court (or under the administrative system implementing the judgment).  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  For example, when a prisoner makes a claim that, if successful, could shorten or invalidate his term of imprisonment, the claim must be brought as a habeas petition.  See, e.g., Edwards v. Balisok, 520 U.S. 641 (1997); Heck v. Humphrey, 512 U.S. 477 (1994).

Rincon cannot bring the claims he asserts via a habeas petition.  He states he is seeking the return of his property, and such a claim is not cognizable under § 2241.  Rincon's requested relief does not fall within the purview of § 2241.  Moreover, Rincon does not assert any challenge to his sentence, conviction, or duration of confinement.  To the extent Rincon bases his suit on provisions of the Uniform Commercial Code ("U.C.C."), his attempt to use § 2241 to bring his claims is "another example of a wave of abusive practices" of petitioners filing baseless claims "for the purpose of harassment . . . ."  Straker v. Broward Sheriff's Off., Case No. 18-61099-CIV, 2018 WL 11225815, at *5 (S.D. Fla. May 21, 2018) (collecting cases); Danmola v. United States, No. 1:21-CV-03350, 2021 WL 5711684, at *2 (W.D. La. Nov. 15, 2021) (noting

courts have repeatedly rejected habeas claims based on the U.C.C. and collecting cases); see also Harris v. Wands, 410 F. App'x 145, 147 (10th Cir. 2011) (A petitioner's "use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws."). Accordingly, I **RECOMMEND** the Court **DISMISS** Rincon's 28 U.S.C. § 2241 Petition.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Rincon leave to appeal *in forma pauperis*. Though Rincon has not yet filed a notice of appeal, it would be appropriate to address that issue in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (noting trial court may certify appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Thus, a claim is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Moore v. Bargstedt, 203 F. App'x 321, 323 (11th Cir. 2006) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Rincon's Petition, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Rincon *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DISMISS** Rincon's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Rincon leave to appeal *in forma pauperis*.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 31st day of January, 2024.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA